UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
Douglas R. Miller
United States Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

March 24, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Andrew G. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 25-0482-DRM

Dear Counsel:

On February 14, 2025, Plaintiff Andrew G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case, ECF No. 8, and the parties' briefs. ECF Nos. 13, 18, and 19. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on May 8, 2020, alleging a disability onset of April 29, 2020. Tr. 214-220. Plaintiff's claims were denied initially and on reconsideration. Tr. 118-122. On January 20, 2922, an Administrative Law Judge ("ALJ") held a hearing. Tr. 19-39. Following the hearing, on February 3, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 19-39. The Appeals Council denied Plaintiff's request for review, Tr. 209-211, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a). Tr. 1-8.

---

[1] Plaintiff filed this case against Leland Dudek, the Acting Commissioner of Social Security on February 14, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Andrew G. v. Frank Bisignano*
Civil No. 25-0482-DRM
March 24, 2026
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since May 8, 2020, the application date." Tr. 633. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Schizoaffective Disorder, Anti-Social Personality Disorder, Anxiety, Post-Traumatic Stress Disorder (PTSD), Depression, Chronic Obstructive Pulmonary Disease (COPD)/ Asthma, and Obesity." Tr. 633. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 635. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except: Occasionally able to climb ramps or stairs. Occasionally able to balance, stoop, kneel, crouch or crawl. Avoid concentrated exposure to extreme heat or humid conditions. Limited to frequent use of either lower extremity for pushing/pulling or operation of foot controls. Avoid concentrated exposure to vibration. Avoid concentrated exposure to fumes, odors, dusts, gases, or other pulmonary irritants. Avoid work at unprotected heights. Able to understand and carry out simple instructions and routine, repetitive tasks. Able to apply commonsense understanding to carry out detailed, but uninvolved, instructions. Avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). Occasionally able to change activities or work settings during the workday without it being disruptive. Occasionally able to deal with changes in a routine work setting. Able to have occasional interaction with supervisors. Able to have occasional, non-collaborative, interaction with co-workers. Able to have incidental or superficial interaction with the general public.

Tr. 637. The ALJ determined that Plaintiff had no past relevant work, but could perform work that existed in significant numbers in the national economy such as clerical checker, photocopy machine operator, and sorter. Tr. 645. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 645.

*Andrew G. v. Frank Bisignano*
Civil No. 25-0482-DRM
March 24, 2026
Page 3

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ misapplied the relevant legal standards in evaluating Plaintiff's subjective symptoms and formulated an RFC unsupported by the evidence. ECF No. 13 at 8, 15. Specifically, Plaintiff contends that the ALJ improperly discounted his mental health symptoms based on a lack of objective medical evidence, contrary to *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020) and *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341 (4th Cir. 2023), and relied on "normal" mental status examinations to undermine subjective complaints. *Id.* at 8-15. Plaintiff further argues that the ALJ failed to build a logical bridge between the evidence and the RFC. *Id.* at 15. In addition, Plaintiff challenges the step five finding, asserting that the ALJ relied on vocational expert testimony derived from an undefined limitation, "high-quota production-rate pace," rendering the hypothetical incomplete and the resulting job findings unsupported. *Id.* at 15-20.

In response, the Commissioner contends that the ALJ applied the correct legal standards and that substantial evidence supports the decision. ECF No. 18 at 5. The Commissioner argues that the ALJ properly conducted the two-step symptom analysis under 20 C.F.R. § 416.929(b), considering not only objective medical evidence but also treatment history, improvement with medication, and Plaintiff's daily activities. *Id.* at 7. The Commissioner distinguishes *Arakas* and *Shelley C.*, asserting that the ALJ did not rely solely on objective evidence but instead weighed the record as a whole. *Id.* at 8. The Commissioner further argues that the RFC reasonably accounts for Plaintiff's limitations and that the "high-quota production-rate pace" restriction is sufficiently explained in context, particularly where the ALJ described it as excluding assembly-line or quota-driven work. *Id.* at 11. Accordingly, the Commissioner argues that the Court should affirm the decision under the deferential substantial evidence standard. *Id.* at 15.

*Andrew G. v. Frank Bisignano*
Civil No. 25-0482-DRM
March 24, 2026
Page 4

In reply, Plaintiff maintains that the Commissioner fails to address the legal errors identified in the opening brief. ECF No. 19 at 1. Plaintiff reiterates that the ALJ's symptom evaluation contravenes applicable law and that the RFC and step five findings remain unsupported, requesting reversal or, alternatively, remand for further proceedings. *Id.* at 2.

An ALJ properly analyzes subjective complaints by using a two-part test. *See Craig*, 76 F.3d at 594–95. First, the ALJ must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *4 (S.S.A. Mar. 16, 2016). Second, if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). At the second step, "there need not be objective evidence of the pain [or symptoms] itself or its intensity." *Arakas*, 983 F.3d at 95 (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)).

Because "disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain" or symptoms, a claimant may "rely exclusively on subjective evidence" at the second step. *Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (quoting *Arakas*, 983 F.3d at 96). Thus, "an ALJ applies the incorrect legal standard in discrediting complaints 'based on [a] lack of objective evidence corroborating them.'" *Id.* (quoting *Arakas*, 983 F.3d at 96) (brackets in original); *accord* SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about [their] symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). Instead, and with a limitation discussed below, the ALJ is required to balance the record evidence because "[a] report of ... inconsistencies in the objective medical evidence is one of the many factors ... consider[ed] in evaluating" this prong. *Shelley C.*, 61 F.4th at 360 (quoting SSR 16-3p, 2016 WL 1119029, at *5).

Where a Plaintiff suffers from fibromyalgia or chronic depression, an additional restriction applies. In *Arakas*, the Fourth Circuit stated:

> we join those circuits by holding that ALJs may not rely on objective medical evidence (or the lack thereof)—*even as just one of multiple factors*—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence. Objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease.

*Arakas*, 983 F.3d at 97 (emphasis added.)

In *Shelley* C., the Fourth Circuit extended the holding of *Arakas* to "depression—particularly chronic depression," holding that it was "one of those other diseases" that does not produce objective medical evidence. *Shelley C.*, 61 F.4th at 360-61. Thus, an ALJ may not rely on

*Andrew G. v. Frank Bisignano*
Civil No. 25-0482-DRM
March 24, 2026
Page 5

objective medical evidence, or the lack thereof, as even one factor among many, to discount a claimant's subjective complaints regarding symptoms of chronic depression.

However, *Arakas and Shelley C.* do not foreclose an ALJ's ability to "weigh[] [a] [p]laintiff's subjective complaints against other evidence in the record," such as by "compar[ing] [a] [p]laintiff's hearing testimony to her previous statements, including those made during medical visits with her primary care provider and her statements regarding her activities of daily living . . . . Such weighing remains permissible under *Shelley C.* and *Arakas.*" *Lasharne W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-2603, 2023 WL 2414497, at *4 (D. Md. Mar. 8, 2023). *See Kimberly S. v. Comm'r, Soc. Sec.,* No. EA-23-1404, 2024 WL 5007372, at *7 (D. Md. Dec. 3, 2024) (ALJ's finding that plaintiff's "own subjective reports of improvement [of depression symptoms] with treatment and independent daily activities were inconsistent with the disabling limitations she alleged" was not impermissible reliance on absence of objective medical evidence.)

Here, at the first step, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" Tr. 638. At the second step the ALJ concluded that Plaintiff's:

> statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Tr. 638.

Plaintiff contends this second step was undertaken in error. Specifically, Plaintiff argues that "[t]he ALJ increased Plaintiff's burden of proof by repeatedly discounting Plaintiff's mental-health symptoms for lack of objective corroboration"; that once Plaintiff met the first step of the symptom analysis, he "was entitled to rely exclusively on his own description of his mental impairment to prove the second part of the test"; and that "[a]dditionally, because Plaintiff suffers from the mental impairment above[3], objective indicators must not factor adversely into the second step of this analysis." ECF No. 13 at 13.

The Court finds that the ALJ engaged in the analysis forbidden by *Arakas* and *Shelley C.* by discounting Plaintiff's subjective mental health symptoms from depression based on objective indicators. In the finding quoted *supra*, the ALJ stated that Plaintiff's subjective statements about symptoms of his "medically determinable impairments"—a category which the ALJ had previously determined to include depression—were "not entirely consistent with the medical evidence." Tr. 638.

---

[3] Plaintiff points to "severe Schizoaffective Disorder, Anti-Social Personality Disorder, Anxiety, PTSD, and Depression," ECF No. 13 at 13, but this statement of the law is accurate only as to depression. The Fourth Circuit has not extended the holding of *Arakas* to any of the other disorders named.

*Andrew G. v. Frank Bisignano*
Civil No. 25-0482-DRM
March 24, 2026
Page 6

Later, the ALJ more explicitly stated: "Additionally, the claimant's allegations are not entirely supported by the *objective medical evidence*. The medical records confirm the claimant's diagnoses of Schizoaffective Disorder, Anti-Social Personality Disorder, Anxiety, PTSD, *Depression*, COPD/Asthma, and Obesity; however, the records do not support the severity he alleges." Tr. 639 (emphasis added).

"Turning to the claimant's mental impairments," the ALJ stated: "his records support his noted diagnoses with ongoing symptoms; however, generally, his mental status and psychiatric status exams have been within the range of normal, supporting a finding of no more than moderate limitations in mental functioning." Tr. 641.

With regard to depression specifically, the ALJ noted that:

In October 2020, [Plaintiff] underwent a psychological consultative exam with Angela Nduaguba-Ezumba, D.O. in which his diagnosis of depression with psychotic symptoms was confirmed. The claimant subjectively reported many symptoms but was normally dressed and showed normal hygiene. His mini mental status exam (MMSE) score was 25/30 with deficits in naming the year, date, and day and in recalling items after a short delay (1/3).

*Id.* (record citation omitted).[4]

In making these findings, the ALJ explicitly stated he was undertaking the analysis proscribed by *Arakas* and *Shelley C.* (e.g. "the claimant's allegations are not entirely supported by the objective medical evidence," Tr. 639). And he implicitly undertook that analysis by relying on diagnostic tools ("mental status and psychiatric status exams," Tr. 641), and the clinical judgment of an examiner ("was normally dressed and showed normal hygiene," *id.*), to discount the severity of Plaintiff's depression symptoms. Remand is therefore appropriate.

Because the case is being remanded on other grounds, I need not address Plaintiff's other argument(s). On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

---

[4] The ALJ's discussion of the October 2020 consultative exam also referenced Plaintiff's statements about his daily activities. As discussed *supra*, consideration of those statements was not in itself error under *Arakas* and *Shelley C. See Kimberly S.*, 2024 WL 5007372, at *7; *Lasharne W.*, 2023 WL 2414497, at *4.

*Andrew G. v. Frank Bisignano*
Civil No. 25-0482-DRM
March 24, 2026
Page 7

     Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

          Sincerely,

          /s/

          Douglas R. Miller
          United States Magistrate Judge